# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

NORBERT P. KIDD,
    Plaintiff

vs

JEROME J. GROGAN, et al.,
    Defendants

Case No. 1:09-cv-099

**ORDER**
(Spiegel, J.)

    Plaintiff, a resident of West Harrison, Indiana, brings this action pro se against his former lawyer, prosecutors, and personnel of the Hamilton County Justice Center in Cincinnati, Ohio. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

    Congress has also authorized the dismissal of complaints which fail to state a claim upon

which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(ii-iii). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff's pro se complaint is a compilation of various pages of a form complaint frequently filed by pro se litigants. The Court construes the various pages as a single complaint. Plaintiff brings this action against Jerome J. Grogan, his former lawyer, prosecutor Kristin Fuller, Hamilton County, Ohio Sheriff Simon Leis, Dr. Peter Fox, and Hamilton County Justice Center employees Art Connely, George Williams, Lt. Reid, and Shawn Kromer. As best the Court can discern, plaintiff alleges he was not properly represented by his lawyer who failed to file motions on his behalf then lied about it. He also alleges that "Kristin Fuller the prosecutor hid the motion from Judge Burke." Plaintiff further alleges:

> Simon Leis in conjunction with Art Connely and others are condoning
> inappropriate behavior on the part of their employees. They train them to treat us
> in degrading manners, ignore grievances, don't allow us to speak on our behath
> (sic) and talk to us disrespectfully, ways that are demeaning. And when I speak
> out I am confined to my cell and made to eat D.B.U.'s. I also feel I am

2

overcharged for services and I receive no explanation.

(Complaint). As relief, plaintiff asks the Court to investigate all these allegations to see if his civil rights have been violated, as well as the legality of charging a $40.00 booking fee.

Plaintiff fails to allege any facts involving defendants Lt. Reed, Shawn Kromer, George Williams and Dr. Peter Fox. In the absence of any allegations of wrongdoing on the part of these defendants, plaintiff's complaint against these defendants must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's complaint against his former attorney, Jerome J. Grogan, must also be dismissed. In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986)). As a lawyer representing a client, Mr. Grogan was not a state actor within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Therefore, plaintiff's complaint fails to state a claim for relief under section 1983 against defendant Grogan.

The complaint against defendant Fuller must also be dismissed because prosecutors are immune from damages under section 1983. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v.*

3

*Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998), quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. Plaintiff's only claim against defendant Fuller is that she "hid" a motion from the judge. This claim involves prosecutorial conduct for which defendant Fuller is absolutely immune given the wide scope of prosecutorial immunity under *Imbler*. The doctrine of absolute prosecutorial immunity protects a prosecutor even where he or she is alleged to have suppressed or concealed evidence. *See Hilliard v. Williams*, 540 F.2d 220 (6th Cir. 1976). Therefore, defendant Fuller is immune from a civil suit for damages under § 1983 in this case.

To the extent plaintiff's complaint may be construed as seeking a declaration that defendant Fuller violated his constitutional rights, the claim is not cognizable since plaintiff has failed to allege any facts indicating a substantial likelihood that the past offending conduct is likely to recur. *See Holt v. Crist*, 233 Fed. Appx. 900, 903 (11th Cir. 2007) (citing *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985)); *Martin v. Keitel*, 205 Fed. Appx. 925, 928 (3rd Cir. 2006) (and cases cited therein); *DeShazo v. Partain*, No. 06-4089, 2006 WL 3333066, at *2 (W.D. Ark. 2006).

Plaintiff also complains about being treated in a disrespectful manner by the staff at the Hamilton County Justice Center. His complaint fails to state a claim for relief under section 1983 in this regard because allegations of verbal harassment, threats, or verbal abuse, without more, do not rise to the level of cruel and unusual punishment prohibited by the Eighth Amendment. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 157 (2004); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). The harassment

4

and verbal abuse described by plaintiff do not constitute the type of infliction of pain that the Eighth Amendment prohibits. *Johnson*, 357 F.3d at 546.

Plaintiff's allegation that he is confined to his cell and made to eat "DBUs" when he "speaks out" also fails to state a claim for relief under section 1983. Plaintiff has no liberty interest in remaining in the general jail population and free of disciplinary or administrative segregation. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). Likewise, plaintiff's claim that he was made to eat "DBUs," a type of food loaf, while confined to his cell also fails to state a claim for relief under the due process clause. *See Griffis v. Gundy*, 47 Fed. Appx. 327, 328 (6th Cir. 2002); *Turnboe v. Gundy*, 25 Fed. Appx. 292 (6th Cir. 2001), *cert. denied*, 535 U.S. 1101 (2002); *Johnson v. Gummerson*, No. 99-0071, 1999 WL 822523, at *1 (2d Cir. 1999). Nor does a diet of food loaf violate the prohibition against cruel and unusual punishment under the Eighth Amendment. *Griffis,* 47 Fed. Appx. at 328 (citing *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977)). Plaintiff has failed to allege any facts showing the food he was served was either nutritionally inadequate or harmed his health. Therefore, this claim is dismissed with prejudice.

Finally, plaintiff's complaint also appears to challenge the "booking fee" charged by the Justice Center. While the taking of a person's currency for a booking fee without notice or hearing may violate the due process rights of a pretrial detainee, s*ee Allen v. Leis*, 213 F. Supp.2d 819, 834 (S.D. Ohio 2002), plaintiff has failed to allege any facts whatsoever indicating that he was actually charged a booking fee, or that such fee was taken from him without notice or a hearing. His conclusory request for the Court to "investigate the legallity (sic) of taking $40.00 booking fee" fails to state a claim for relief under section 1983.

Accordingly, plaintiff's complaint must be dismissed on the ground that it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and because it seeks monetary relief from defendants who are immune from such relief. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 4/15/09

S. Arthur Spiegel, Senior Judge
United States District Court